Alexander KHVEDELIANI, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES of
America, Respondent.

Alexander Khvedeliani, Petitioner

v.

Attorney General of the United States
of America, Respondent.

Nos. 11–3171, 11–4479.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 12, 2013.

Opinion Filed: July 17, 2013.

Ryan A. Muennich, Esq., Muennich & Bussard, New York, NY, for Petitioner.

Edward J. Duffy, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: GREENAWAY, JR., SHWARTZ, and BARRY, Circuit Judges.

OPINION

GREENAWAY, JR., Circuit Judge.

Alexander Khvedeliani ("Petitioner") appeals from a final order of removal entered against him by the Board of Immigration

Appeals ("BIA").[1] For the reasons provided below, we will affirm.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

Petitioner, a native and citizen of the Republic of Georgia, entered the United States on December 11, 1998, as a nonimmigrant visitor. Petitioner overstayed his visa. On March 12, 2010, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa, and as removable under 8 U.S.C. § 1227(a)(2)(A)(i), for being convicted of a crime involving moral turpitude within five years after admission.[2] DHS later amended the NTA to add a charge of removability under 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude.[3]

While in immigration custody, Petitioner married a United States citizen.[4] He ad-

mitted the allegations in the NTA and conceded his removability, but sought an adjustment of status under 8 U.S.C. § 1255(a) (INA § 245(a)), coupled with a waiver of inadmissibility under 8 U.S.C. § 1182(h) (INA § 212(h)).[5] Petitioner argued that he met the standard set forth in INA § 212(h) because his removal would result in "extreme hardship" to his United States citizen spouse, and argued that he warranted a favorable exercise of discretion.

The Immigration Judge ("IJ") held a hearing, where Petitioner and his wife both testified. The Immigration Judge found that Petitioner "generally testified credibly," and that his wife "testified wholly credibly." (App.24.) The IJ noted that "the psychological evaluation of [Petitioner's] wife shows that she suffers from major depressive [dis]order without psychotic features resulting from her separation from [Petitioner]." (*Id.*) The IJ found that she would suffer "significant psychological hardship if separated from her husband." (*Id.*) Based on Petitioner's wife's psychological evaluation and history of abuse at

---

1. Petitioner also appeals the BIA's denial of his motion to reconsider.

2. Petitioner was convicted of petit larceny in New York in 2001.

3. Petitioner was convicted of criminal possession of stolen property in New York in 2006. In 2009, Petitioner was arrested for providing false identification to a police officer.

4. Petitioner and his wife had moved in together three days before his 2009 arrest, and both testified before the Immigration Judge that they had decided to get married prior to his incarceration. DHS also approved the alien relative petition filed by Petitioner's wife, confirming that the marriage was bona fide.

5. Adjustment of status under INA § 245(a) is a discretionary form of relief available to aliens who have been "inspected and admitted or paroled into the United States," who

are also "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). Petitioner did not satisfy the admissibility requirement of INA § 245(a) because his convictions for two crimes involving moral turpitude rendered him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and (a)(2)(B). Therefore, Petitioner could only adjust his status if he was granted a waiver of inadmissibility under INA § 212(h). Under § 212(h), the Attorney General may, in his discretion, waive the inadmissibility of an alien who has committed two crimes involving moral turpitude if the immigrant is a spouse of a United States citizen and "if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen ... spouse." 8 U.S.C. § 1182(h)(1)(B). In addition, the Attorney General, in his discretion, must "consent[] to the alien's applying ... for admission to the United States, or adjustment of status." *Id.* § 1182(h)(2).

the hands of her ex-husband, the IJ determined that Petitioner had demonstrated that his United States citizen spouse would suffer "extreme hardship" if he were to be removed from the United States. The IJ made this finding despite the fact that Petitioner and his wife had not lived together since their marriage, and had only lived together for three days prior to his arrest. After finding that Petitioner made the threshold showing of "extreme hardship," the IJ balanced the positive and negative equities to determine whether Petitioner merited an INA § 212(h) waiver as a matter of discretion. The IJ found that Petitioner had shown, "albeit ever so slightly," that he merited a favorable exercise of discretion. (App.29.) The IJ granted Petitioner a waiver of inadmissibility and in his discretion granted Petitioner an adjustment of status under INA § 245(a).[6]

DHS appealed the IJ's decision to the BIA. A divided three-member panel of the BIA reversed the IJ's grant of relief.[7] The BIA concluded that Petitioner's removal would not result in "extreme hardship" to his wife. The BIA, though it considered the psychological report, did not "put as much weight" on the report as the IJ did, because Petitioner submitted no record of treatment for his wife's disorder beyond the initial evaluation. (App.8.) The BIA also considered that Petitioner and his wife only lived together for three days, had no children, and that Petitioner's wife makes sufficient income to support herself, as factors in concluding that she would not suffer "extreme hardship" if he were removed. The BIA also determined that, regardless of whether Petitioner could demonstrate that his wife would suffer "extreme hardship," Petitioner did not merit a favorable exercise of discretion because of the negative equities in his case. The BIA therefore vacated the IJ's grant of relief under INA §§ 212(h) and 245(a) and ordered Petitioner removed to Georgia.

Petitioner filed a motion to reconsider with the BIA, which was denied on November 17, 2011. Petitioner now seeks review of the BIA's orders.

## II. JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1003.2. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of the BIA. However, under 8 U.S.C. § 1252(a)(2)(B), (C), and (D), our review of the BIA's decision to deny Petitioner discretionary relief is limited to constitutional issues and questions of law.[8] We exercise plenary review over the BIA's legal determinations, subject to established principles of deference. *Cospito v. Att'y Gen.*, 539 F.3d 166, 171 (3d Cir.2008).[9]

---

**6.** Petitioner also sought asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied this relief and Petitioner did not appeal this decision to the BIA.

**7.** One panel member dissented from the BIA's decision and would have granted Petitioner relief for the reasons stated by the IJ.

**8.** We therefore have no jurisdiction to review the BIA's factual and discretionary determinations underlying its denial of the INA § 212(h) waiver and adjustment of status. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170

(3d Cir.2008) ("[O]ur jurisdiction does not extend to an agency's factual and discretionary determinations underlying the denial of waivers based on an analysis involving extreme hardship."); *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir.2003) ("The determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment.").

**9.** We review the BIA's denial of a motion to reconsider for abuse of discretion. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir.2012).

## III. *ANALYSIS*

Petitioner argues that the BIA applied the incorrect standard of review to the IJ's factual determinations, and that it improperly failed to credit the IJ's factual findings. An agency has an obligation to abide by its own regulations, and failure to do so could result in a vacatur of the agency's decision. *See Rotinsulu v. Mukasey,* 515 F.3d 68, 72 (1st Cir.2008). Under 8 C.F.R. § 1003.1(d)(3), the BIA reviews an IJ's factual findings for clear error, and it reviews questions of law and discretionary determinations de novo. Petitioner claims that the IJ made a factual finding that Petitioner's wife would suffer significant psychological hardship if he were removed, and that the BIA disregarded this factual finding without applying the clearly erroneous standard of review. Petitioner's argument lacks merit.

Although the IJ's findings that Petitioner's wife suffered from a depressive disorder and would suffer psychological harm are findings of fact, the determination of whether this harm rises to the level of "extreme hardship," as required by INA § 212(h), · is a discretionary judgment, which the BIA reviews de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir.2003); *cf. Huang v. Att'y Gen.,* 620 F.3d 372, 387 (3d Cir.2010). "Where the BIA reviews 'a mixed question of law and fact ... now referred to as a discretionary decision,' it ... retains 'independent judgment and discretion ... regarding the review of pure questions of law and the application of the standard of law to th[e] facts [found by the IJ].' " *Yusupov v. Att'y Gen.,* 650 F.3d 968, 979 (3d Cir.2011) (first alteration in original) (quoting Board of Immigration Appeals: Procedural Reforms to Improve Case Management, 67 Fed.Reg. 54,878, 54,888–89 (Aug. 26, 2002) (to be codified at 8 C.F.R. pt. 3)).

In reviewing the IJ's grant of relief to Petitioner, the BIA credited the facts as found by the IJ, but declined to find that those facts demonstrated that Petitioner's wife would suffer "extreme hardship" if Petitioner were removed. This finding is a discretionary determination the BIA is entitled to make de novo.[10] *See* 8 C.F.R. § 1003.1(d)(3)(ii); Procedural Reforms to Improve Case Management, 67 Fed.Reg. at 54,881 (explaining that the BIA continues to review de novo "questions of judgment (concerning whether to favorably exercise discretion in light of the facts and the applicable standards governing the exercise of such discretion)").[11]

Because the BIA did not apply the incorrect standard of review to the IJ's factual findings, we will affirm the BIA's orders.

---

10. Petitioner's argument that the BIA erred by giving less weight to the psychological report than the IJ is also unavailing. *See Yusupov,* 650 F.3d at 980 ("Under the standard for mixed questions of law and fact, the BIA [is] entitled to weigh the evidence in a manner different from that accorded by the [IJ]." (second alteration in original) (internal quotation marks omitted)); *see also Rotinsulu,* 515 F.3d at 73 (finding that 8 C.F.R. § 1003.1(d)(3) was "not intended to restrict the BIA's powers of review, including its power to weigh and evaluate evidence introduced before the IJ").

11. The BIA also concluded, in the alternative, that regardless of the "extreme hardship" determination, Petitioner was not entitled to a favorable exercise of discretion, a determination that we are without jurisdiction to review. *See Sukwanputra v. Gonzales,* 434 F.3d 627, 634 (3d Cir.2006) (explaining that under 8 U.S.C. § 1252(a)(2)(D), "factual or discretionary determinations ... fall outside the jurisdiction of the court of appeals entertaining a petition for review").

## IV. *CONCLUSION*

For the foregoing reasons, this Court will affirm the BIA's final order of removal and its denial of Petitioner's motion to reconsider.